FILED

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA

2018 AUG 21   AM 10: 49

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

| | |
|---|---|
| YAHAIRA GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>HOLLOWAY CREDIT SOLUTIONS, LLC,<br><br>Defendant. | Civil Case Number: 5:18-cv-434-Oc-30PRL<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, YAHAIRA GARCIA (hereinafter, "Plaintiff"), a Florida resident, brings this class action complaint by and through the undersigned attorneys, Marcus & Zelman, LLC against Defendant HOLLOWAY CREDIT SOLUTIONS (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### NATURE OF THE ACTION

3. Plaintiffs brings this class action on behalf of a class of Florida consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a

debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Florida, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its registered office located at 1286 Carmichael Way, Montgomery, Alabama 36106.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to July 17, 2018, an obligation was allegedly incurred to ORLANDO HEALTH SOUTHLAKE HOSPITAL.

12. The ORLANDO HEALTH SOUTHLAKE HOSPITAL obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

13. The alleged ORLANDO HEALTH SOUTHLAKE HOSPITAL obligation is a "debt" as

defined by 15 U.S.C.§ 1692a(5).

14. ORLANDO HEALTH SOUTHLAKE HOSPITAL is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. Defendant contends that the ORLANDO HEALTH SOUTHLAKE HOSPITAL debt is past due.

16. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

17. On or about July 17, 2018, the Defendant caused to be delivered to the Plaintiff a letter ("Letter") in an attempt to collect the alleged ORLANDO HEALTH SOUTHLAKE HOSPITAL debt. *See* **Exhibit A.**

18. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. Upon information and belief, the Letter was the first communication between the Defendant and Plaintiff regarding this alleged debt.

21. The Letter stated in part:

    "Balance Due: $2,807.39"

22. The Letter further stated:

    "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. The Third Circuit Court of Appeals has determined that any dispute to a debt collector must be made in writing."

23. By inputting language involving Third Circuit case law in a letter sent outside of the Third Circuit, Defendant confused the Plaintiff, a least sophisticated consumer.

24. Furthermore, the statement that a dispute must be made in writing is false, deceptive, and misleading.

25. Pursuant to various sections of the FDCPA, including 1692e and 1692g, a consumer has a right to dispute a debt over the phone.

26. It has been well established that a validation notice required by 15 USC § 1692g must not be overshadowed or contradicted by accompanying messages from the debt collector.

27. A validation notice is overshadowed and/or contradicted if it would make the least sophisticated consumer uncertain as to his or her rights.

28. By stating that a dispute must be made in writing, Defendant further overshadowed Plaintiff's validation rights.

29. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. Plaintiff was harmed by being misled into believing she could only call to dispute a debt. Plaintiff was further harmed by being subjected to deceptive and misleading collection practices, and by being deprived of information to which she was statutorily entitled to receive.

30. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

31. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

32. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following Florida consumer class (the "Class").

33. The Class consists of (a) all individuals with addresses in the State of Florida (b) to whom Defendant (c) sent an initial collection letter d) attempting to collect a consumer debt owed to ORLANDO HEALTH SOUTHLAKE HOSPITAL (e) which stated "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. The Third Circuit Court of Appeals has determined that any dispute to a debt collector must be made in writing" (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

32. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have ORLANDO HEALTH SOUTHLAKE HOSPITAL debts.

33. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

34. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e and 1692g.

35. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

36. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer

lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

37. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and 1692g.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

38. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt.

43. The Defendant violated said section by making false, deceptive, and misleading

representations in connection with the collection of a debt in violation of 1692e(10).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47. Pursuant to 15 USC §1692g, a debt collector:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
    (1) The amount of the debt;
    (2) The name of the creditor to whom the debt is owed;
    (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
    (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48. The Defendant violated 1692g by overshadowing the validation notice by providing information that is not in accordance with the statutory validation notice.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*g et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 16, 2018

By:    /s/ Jon P. Dubbeld
Jon P. Dubbeld, Esq.
Berkowitz & Myer
4900 Central Avenue
St. Petersburg, FL 33707
Tel: (727) 344-0123
Email: jon@berkmyer.com

**PRO HAC VICE MOTION FORTHCOMING**
/s/ Yitzchak Zelman
Yitzchak Zelman
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Tel: (732) 695-3282
Email: yzelman@marcuszelman.com



PO Box 230609
Montgomery, AL 36123-0609

HOLLOWAY CREDIT SOLUTIONS, LLC
PO Box 230609
MONTGOMERY, AL 36123-0609

YAHAIRA C GARCIA

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT.

Holloway Credit Solutions, LLC
1286 Carmichael Way
Montgomery, AL 36106
334-396-3000 or 800-206-3073

**HOLLOWAY**

Date: JUL 17 2018
Account For: ORLANDO HEALTH SOUTHLAKE HOSPITAL
Client Reference:
Balance Due: $2,807.39
Account #: 0031

Dear YAHAIRA C GARCIA:

Your account(s) with ORLANDO HEALTH SOUTHLAKE HOSPITAL has been placed for collection.

List of Accounts:

| Name | Account Number | Creditor | Service Date | Balance Due |
|------|----------------|----------|--------------|-------------|
| GARCIA YAHAIRA C | 3446 | ORLANDO HEALTH SOUTHLAKE H | 01/20/18 | 2,807.39 |

If you feel you may qualify for financial assistance, please visit
http://www.orlandohealth.com/patients-and-visitors/patient-financial-resource/financial-assistance-program.

| To Pay Online | holloway.statementmanagement.com | Acct 0031 |
|---------------|----------------------------------|-----------|
| No Convenience Fee | | Last Name: GARCIA |
| | | DOB: |

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. The Third Circuit Court of Appeals has determined that any dispute to a debt collector must be made in writing. If you notify this office in writing within 30 days after receiving this notice that you dispute this debt or any portion thereof, this office will obtain verification of the debt and any copy of a judgment, or the name and address of the original creditor if different from the current creditor and will provide the information to you in writing.